PER CURIAM.
Libby Rosenberg appeals from a final judgment adopting the special master’s findings of fact, conclusions of law, and recommendations to set aside the transfer of certain assets as fraudulent conveyances. For the following reason, we reverse.
Because the collateral which appellant’s husband pledged with appellees was more than sufficient to secure payment of the obligation owed to appellees, the transfers in question cannot be set aside as fraudulent. See Bay View Estates Corp. v. Southerland, 114 Fla. 635, 154 So. 894 (1934) (to prove that creditor relied upon general credit of debtor’s other property, secured creditor must allege and prove that security pledged was inadequate to secure payment of debtor’s obligation at time it was pledged; if security was ample at time of alleged fraudulent transfer, imputation of fraud from debtor’s voluntary conveyance of other property will not obtain). Here, the debtor pledged $360,000 worth of stock with appellees to secure a $300,000 loan and there were no allegations in appel-lees’ impleader complaint to suggest that the collateral was inadequate to secure the loan either at the time it was pledged or at the time of the transfers.
Accordingly, on the-authority of South-erland, we reverse the order on appeal and remand for further consistent proceedings.
Reversed and remanded.